IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL CODER,

                  Plaintiff,

    v.

CHRISTOPHER GIESE and
BLAKE ZIBELL,

                  Defendants.

OPINION and ORDER

21-cv-109-wmc

---

*Pro se* plaintiff Michael Coder is proceeding to trial on Fourth Amendment excessive force claims against defendants Christopher Giese and Blake Zibell.  Trial is scheduled to begin on Monday September 11, 2023, with a final pretrial conference by Zoom on September 1, 2023, at 10:00 a.m.  In advance of the FPTC, this order identifies a possible scheduling conflict, summarizes the court's proposed voir dire, jury instructions and special verdict (attached), and addresses the pending motions, including defendants' motion for reconsideration (dkt. #105), Coder's motion, the motions in limine ("MIL"), exhibits and witnesses.  During the final pretrial conference, the court will hear additional argument on the court's proposed materials, resolve the reserved MILs, discuss exhibits and witnesses, review trial logistics, and address any remaining issues the parties may wish to raise.

## I.      Scheduling Conflict

The court currently has two trials scheduled to begin on September 11.  If that conflict is not resolved by the FPTC, the court will discuss with the parties how we will proceed with the trial, with the likely resolution being that both trials will have jury

selection on Monday, and this trial will commence on Wednesday morning after the first trial.

## II.     Voir Dire

The court has included many of the parties' proposed questions, which are largely consistent with the court's standard questions for a case of this nature, except for questions about the use of force and knowledge of a restraint chair are captured by the court's more general questions.

## III.    Jury Instructions

The court's proposed jury instructions include its standard instructions and generally match the parties' proposed instructions.  Unless the parties provided specific arguments in favor of a pattern instruction, rather than the court's standard instruction, the court has used its standard instruction.

## IV.     Special Verdict

The court's proposed special verdict form consists of 8 questions, representing one question for Coder's Fourth Amendment claims against each defendant, one question for each defendant for the measure of compensatory damages, and two questions for each defendant for the possible award of punitive damages.

V.      **Motions**

    A.      **Defendants' motion for reconsideration (dkt. #105)**

Defendants seek reconsideration of the court's summary judgment opinion and order, contending that Coder's testimony from his August 9, 2023, deposition merit judgment in their favor on all claims proceeding to trial. The court has reviewed that deposition testimony and is skeptical that Coder conceded as much. The court intends to discuss this motion with the parties during the FPTC.

    B.      **Coder's motions (dkt. ##76, 87, 91, 92, 93, 94, 104)**

    1.  **Motions regarding restraint chair (dkt. ##76, 93)**

Coder asks that the court require the actual restraint chair in which he was held to be physically produced at trial. (Dkt. ##76, 93.) Specifically, he argues that the pictures of the restraint chair that the court already required to be produced will not give the jury a full understanding of how it works. However, between the detailed pictures defendants produced to Coder and filed with the court (*see* dkt. #85-3), the video footage showing Coder's placement in the restraint chair, and Coder's testimony about what he experienced in the chair, the court believes that Coder can adequately convey to the jury how the chair felt when he was restrained. Moreover, the prominence of the chair may be a distraction from the primary issue at hand: whether defendants used unreasonable force both before and after he was placed in the restraint chair. Although Coder's placement in the restraint chair is relevant to provide context for his claim that Giese tased him unnecessarily while restrained, the critical inquiry is whether Coder was restrained and compliant. Finally, requiring defendants to bring the chair itself to trial would be unduly burdensome for the

jail, which would be left with just one restraint chair.  Therefore, Coder's request to have the restraint chair produced at trial is DENIED.

### 2.  Discovery request and motion to compel (dkt. ##87, 104)

Coder also asks that the court direct defendants to turn over defendants' training materials regarding taser carrying and use, as well as the jail's taser-related procedures. These documents are relevant to Coder's claims.  Although he did not seek these materials through the proper channels, the court will direct defendants to either produce any responsive documents prior to the FPTC, or show cause at the FPTC as to why production is not possible.  Accordingly, these motions are RESERVED.

### 3.  Motion regarding Howard Mayfield (dkt. #91)

Coder also asks that his cellmate be allowed to attend trial to "assist him," because his cellmate is more familiar with civil lawsuits than him.  (Dkt. #91.)  Coder's cellmate is not an attorney, so he cannot appear on Coder's behalf.  In addition, the court observed Coder during his deposition; he not only handled himself intelligently, but he was well-spoken and understood the relevant facts of this case.  Coder's filings have also consistently shown that he understands the applicable legal standards.  To the extent Coder lacks trial experience, the court gives all *pro se* litigants guidance and latitude when it comes to trial procedures and the rules of evidence, which will be addressed further at the FPTC. Therefore, this motion is DENIED.

### 4.  Motion to claim emotional stress, mental cruelty and pain and suffering damages (dkt. #92)

Coder states that he is pursuing both punitive and compensatory damages, and is unsure whether his "emotional stress, mental cruelty, and pain and suffering" fall under

compensatory or punitive damages.  To the extent Coder is asking for the court's guidance, this motion is GRANTED.  Coder may refer to the court's proposed jury instructions for a better understanding of how he should characterize his damages.

### 5.  Emergency motion to compel (dkt. #94)

Finally, Coder asks that the court direct defendants to turn over any grievances related to use-of-force incidents involving either defendant, and for $25 in sanctions.  In particular, Coder represents that defendants responded that such grievances are irrelevant. In opposition, defendants ask that the court deny the motion because Coder failed to meet and confer before filing this motion as required by Federal Rule of Civil Procedure 37(a). Although the court will not grant Coder's request for sanctions, given the looming trial, it will take up the merits of his document request.

The general rule is that grievances of either defendant's use of force are inadmissible as irrelevant and improper character evidence under Fed. R. Evid. 404, unless such evidence would be admissible under Rule 404(b) to show "motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident." *Id.*  The Seventh Circuit has adopted a four-part test to determine whether "other acts" evidence is admissible under Rule 404:

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue.  Third, there must be a sufficient amount of evidence for the fact finder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610-11 (7th Cir. 2011).  Under this standard, the court *might* consider admitting evidence of an *affirmed* grievance or adjudication finding that either defendant's use of force was unreasonable or excessive.  The court asks that defendants come to the FPTC prepared to disclose any such grievances or complaints affirming that either defendant used unreasonable or excessive force against an inmate, or state on the record that no such dispositions exist.  Therefore, this motion is RESERVED.

### C.    Defendants' motions in limine (dkt. #82)

Defendants seek ten rulings.

### 1.  MIL 1

Defendants ask asks that the court preclude any "Golden Rule" type argument by Coder, asking jurors to place themselves in his shoes.  It is well established that this type of argument is improper, so the motion is GRANTED.

### 2.  MIL 2

Defendants seek to prohibit Coder from testifying about his understanding of the law or his specific beliefs about his rights, and that the court alone instructs the jurors on the proper legal standard.  This court's responsibility is to explain the law to the jurors, so *no* witness will be allowed to testify on this subject.  Thus, the motion is both unnecessary and MOOT.  Of course, Coder and defense counsel will be permitted to argue in closing as to how the jury should apply the applicable legal standards to the facts.

### 3.  MIL 3

Defendants' motion to sequester non-party witnesses from the courtroom is GRANTED.

### 4. MIL 4

Defendants seek to preclude evidence or argument about claims dismissed at summary judgment. The court expressly dismissed Coder's claim against Deputy Papara, as well as any claim related to Zibell's first use of the taser. However, the motion is DENIED in part as evidence of Zibell's first use of the taser is admissible, if only for context because Zibell's first use of the taser was so close in time to the other uses of force that the jury will be considering. The court also will GRANT in part that Coder may not argue that Zibell's initial use of the taser was unreasonable or improper. In addition, defendants' motion is farther granted in that Coder may not introduce *any* evidence or argument about Papara's involvement having not been involved in any of the three, use-of-force incidents proceeding to trial.

### 5. MIL 5

Defendants next seek to preclude any testimony, from any witnesses, about what they would or would not have done if confronted with the same circumstances confronting Deputies Giese and Zibell, on relevance grounds. Although Coder opposes this motion, he has not identified any witness he would like to ask about what they would have done in the circumstances. Therefore, the court RESERVES on this motion for discussion during the FPTC.

### 6. MIL 6

Defendants seek to admit evidence of Coder's past convictions under Federal Rule of Evidence 609(a)(1). Defendants submit that Coder has been convicted of: (1) manufacturing/delivering heroin in violation of Wis. Stat. § 961.41(1)(d)(1), a class F

Felony; (2) substantial battery-intend bodily harm, repeater in violation of Wis. Stat. §§ 940.19(2), 939.62(1)(b), and 939.63(1)(d), a class I Felony, and one count of possessing a firearm after being convicted of a felony in violation of Wis. Stat. §§ 941.29(1m)(a), 939.62(1)(b), a class G felony; (3) possession of narcotic drugs in violation of Wis. Stat. §§ 961.41(3g)(am), 961.48(1)(b), 939.62(1)(b), a class I Felony; (4) operating while intoxicated, fourth offense in violation of Wis. Stat. § 346.63(1)(a), a class H Felony and possession with intent – heroin in violation of Wis. Stat. § 961.41(1m)(d)(2), a class E Felony; and (5) possession with intent – heroin, in violation of Wis. Stat. § 961.41(1m)(d)2, a class E Felony.

Coder was subject to between three and 15 years of imprisonment for these convictions, so they satisfy the requirements of Rule 609(a)(1). However, it appears that more than 10 years *may* have passed since Coder finished serving his term of imprisonment for the manufacturing/delivering heroin conviction. *See State v. Coder*, No. 10-CF-195 (Sauk Cnty. Jan. 19, 2012) (sentencing Coder to 24 months of imprisonment). If so, then Coder may have an argument that under Rule 609(b), evidence of that particular conviction is only admissible if the probative value substantially outweighs its prejudicial effect. However, the court need not resolve whether this limitation applies because the court will allow a more discrete question.

The Court of Appeals for the Seventh Circuit has stated that the "title, date and disposition of the offense" are generally appropriate to reveal for purposes of Rule 609. *United States v. Lewis*, 641 F.3d 773, 783 (7th Cir. 2011). However, because the jury will be aware of Coder's incarceration, the prejudicial effect of the title of any of his convictions

may substantially outweigh the permitted impeachment value provided by disclosing the nature of his convictions. Therefore, the court proposes the following question: "You have been convicted of multiple felonies, and you are still serving the sentence imposed for some of those convictions, correct?" If Coder answers "yes," then counsel may proceed no further. On the other hand, if Coder answers "no," then he would open the door to more specifics regarding his convictions. The court will hear from the parties with respect to this proposed question during the FPTC. Accordingly, the court will GRANT in part and RESERVE in part as to this motion.

### 7.  MIL 7

Defendants seek to preclude plaintiff from submitting evidence that defendants may be covered by insurance on relevance grounds and under Fed. R. Evid. 403. Coder objects because he is concerned that defendants will argue that any money judgment will come out of their pockets and affect them personally. Since none of this testimony or argument will be allowed by either side, the court will GRANT this motion. Of course, defendants will open the door should it request an instruction on consideration of defendants' net worth in deciding an award of punitive damages.

### 8.  MIL 8

Defendants' motion to exclude any party from calling any witnesses not previously disclosed is GRANTED as unopposed.

### 9.  MIL 9

Defendants seek to preclude reference to any exhibit not filed or disclosed, except exhibits that might be used for impeachment purposes. This motion is GRANTED in part

and RESERVED in part, pending discussion with the parties about whether Coder will be able to submit evidence of (1) grievances involving defendants, or (2) taser training documents or procedures.

10. **MIL 10**

Defendants seek to preclude Coder from seeking to recover damages from any injury not disclosed in response to discovery requests, and to preclude use of or reference to any document or exhibit requested in discovery and not disclosed.  Coder objects, citing his motion asking if he can add emotional distress damages.  There is no suggestion that Coder has not disclosed such damages, so this motion is GRANTED.

## VI.   Witnesses

Defendants disclosed the following trial witnesses:  Coder, Giese, Zibell and Papara. Coder does not object to any of them.  Coder has not disclosed any witnesses, but in his exhibit list (dkt. #88), indicates that Sergeant Hamer, Deputy Giese, Deputy Babcock and Nurse Rose will be testifying.  (*See* dkt. #88.)

Defendants have not objected to the testimony of Hamer, Babcock or Rose, but the mention of these witnesses is problematic.  The parties have not indicated that these witnesses are appearing voluntarily on Coder's behalf, and he has not requested that the court issue subpoenas for their appearances in accordance with the court's procedures, much less met the August 14, 2023, for making such a request, as set forth in the Trial Preparation Order.  (*See* dkt. 65, at 19-20.)  Those procedures required Coder to file a motion for issuance of subpoenas along with a declaration that:  (1) the witnesses refuse to testify voluntarily, (2) he needs assistance from the United States Marshal to serve the

subpoenas, and (3) that he is prepared to tender to the Marshal a check or money order made payable to the witness in an amount necessary to cover the daily witness fees and the witness's mileage, as well as the costs for room and meals if necessary.   (*Id.*) Accordingly, absent a showing of extraordinary good cause for his failure to follow the court's procedures, the court does not intend to issue subpoenas for the appearances of Hamer, Babcock or Rose at trial.

During the FPTC the court will address whether Coder intends to call these witnesses and will give the parties the opportunity to raise any final issues with respect to witnesses, including whether any party will be requesting that a witness appear via videoconference.

## VII.   Trial exhibits

The court intends to address the parties' exhibit lists and objections in more detail during the FPTC but makes the following preliminary observations.

Defendants' exhibit list is filed at Dkt. #78.  Coder has not objected to any exhibits, but the court will discuss the following categories of exhibits:  (1) defendants' discovery responses (Exs. 502-504); (2) the jail's responses to Coder's grievances, which appear to be hearsay (Exs. 509, 511, 513, 515, 518, 520, 522); and (3) numerous use of force reports and taser logs (Exs. 529-535, 538-541), which appear to be inadmissible hearsay, although it is possible that defendants intend to use them to refresh recollection only.

Coder's exhibit list is filed at Dkt. #88.  Defendants objections are filed at Dkt. #97.  Defendants object to the video footage as exhibits on hearsay and authentication grounds; and they object to admission of the restraint chair.  The objections to the video

11

exhibits seem unnecessary because defendants disclosed the videos as exhibits as well. The court need not address the restraint chair exhibit, but the court will allow Coder to amend his exhibit list to include the pictures of the restraint chair, which have been filed at dkt. #85-3.

By the FPTC, the parties are directed to submit their exhibits to the court. They should contact the clerk of court for instructions on how to do so.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions regarding the restraint chair (dkt. ##76, 93) are DENIED.

2) Defendants' motions in limine (dkt. #82) are GRANTED in part and RESERVED in part.

3) Plaintiff's motions for discovery and to compel (dkt. ##87, 104) are RESERVED. **By the FPTC, defendants are DIRECTED to produce to Coder defendants' training materials regarding carrying and use of tasers, as well as the Sauk County Jail's taser-related procedures, or show cause at the FPTC as to why production is not possible.**

4) Plaintiff's motion regarding Howard Mayfield (dkt. #91) is DENIED.

5) Plaintiff's motion to claim emotional stress, mental cruelty and pain and suffering (dkt. #92) is GRANTED.

6) Plaintiff's motion to compel (dkt. #94) is GRANTED in part, RESERVED in

   part and DENIED in part.

Entered this 30th day of August, 2023.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge