IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL CODER,

                                   Plaintiff,                          ORDER

          v.
                                                                       21-cv-109-wmc
CHRISTOPHER GIESE, *et al.*,

                                   Defendants.

---

Plaintiff Michael Coder is proceeding in this civil action on Fourth Amendment excessive force claims against defendants Christopher Giese and Blake Zibell. After a two-day jury trial resulted in a partial verdict, the court set briefing on post-judgment matters and recruited counsel Emily Feinstein, Zachary Eastburn and Bryce Loken of the law firm of Quarles & Brady in Madison, Wisconsin, to represent him *pro bono*. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

Plaintiff's counsel should contact the Prairie du Chien Correctional Institution for purposes of consulting with plaintiff in the preparation of his brief whether by phone and/or in person.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also

work directly and cooperatively with his attorneys, as well as those working at his direction, and must permit him to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form.  Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes.  On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Emily Feinstein, Zachary Eastburn and Bryce Loken of the law firm of Quarles & Brady as plaintiff's *pro bono* counsel of record.

Entered this 26th day of September, 2023.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

2