IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL CODER,

               Plaintiff,                      OPINION AND ORDER

v.

                                            21-cv-109-wmc

DEPUTY CHRISTOPHER GIESE,

               Defendant.

---

Representing himself, plaintiff Michael Coder brought suit against three Sauk County Jail deputies for violating his Fourth Amendment rights by using excessive force while strip searching and restraining him. The court granted summary judgment in favor of defendant Deputy Michael Papara and defendant Deputies Blake Zibell and Christopher Giese proceeded to trial. (Dkt. #64.) At trial, the jury found no liability as to Deputy Zibell, but could not reach a verdict as to Deputy Christoper Giese. (Dkt. #122.) The court accepted the unanimous partial verdict and ordered a new trial on Coder's challenges to defendant Giese's use of force. (Dkt. #143.) The court also committed to recruiting counsel for Coder to represent him at a retrial. (Dkt. #132.) Magistrate Judge Anita Boor then set a new trial date for February 3, 2025, with motions in limine due November 27, 2024, and declined to reopen discovery absent a motion. (Dkt. #144.) Now before the court is Coder's motion to modify the scheduling order by reopening discovery, dkt. #148, which court will grant in part and deny in part for the reasons set forth below.

OPINION

Plaintiff seeks to reopen discovery for two reasons: (1) to name an expert; and (2) to obtain and review defendant's personnel file. Federal Rule of Civil Procedure 16(b)(4) allows modification of a scheduling order "only for good cause and with the judge's consent." Here, plaintiff's motion hinges on whether the information sought is discoverable. That question is governed by the Federal Rules of Civil Procedure 26 and 30, which ultimately turn on relevancy and proportionality.

Whether the information sought in this case is relevant depends on the substantive law under the Fourth Amendment. Plaintiff argues that expert testimony and the personnel file are essential to his claim, and he was not able to obtain either while conducting discovery without a lawyer despite his diligence. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). The court has no reason to doubt that plaintiff conducted discovery to the best of his ability without a lawyer's help, but he has not convinced the court of the necessity of expert testimony in this case, nor did anything prevent him from seeking the court's assistance in obtaining an expert during discovery.

To succeed on an excessive force claim under the Fourth Amendment, a plaintiff must demonstrate that the use of force was objectively unreasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). That standard requires an evaluation of the objective reasonableness of an officer's action not through "the 20/20 vision of hindsight," but from

"the perspective of a reasonable officer on the scene." *Graham*, 490 U.S. at 396. Among the factors for consideration at that time are the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any efforts made to temper or limit the amount of force, the threat reasonably perceived by the officers, and whether the plaintiff was actively resisting. *Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009).

At retrial, plaintiff would rebut testimony from Sauk County deputies about the use-of-force incident in question with expert testimony about the standard for use of force and whether defendant's use of force was reasonable under the circumstances. (Dkt. #149. at 9.) However, none of the deputies were named or qualified as expert witnesses at trial, and were only allowed to testify about their actions during the use-of-force incident and their own training. *See U.S. v. Gaytan*, 649 F.3d 573, 582 (7th Cir. 2011) (officer's testimony is lay opinion if it is limited to what he observed). Plaintiff's counsel may, of course, consult an expert in preparing for cross-examination of those witnesses, but plaintiff has shown no need to call an expert to contradict the deputies about their training, the jail's standards or general standards or policies for use of force in light of their conduct that day, nor why a jury's weighing of those circumstances would necessitate an expert's guidance under a reasonableness standard. If anything, the use of an expert to opine in rebuttal of the objective reasonableness of the deputies' conduct would risk usurping the jury's role, particularly as to what is against likely to be the central dispute at to Giese's reputed use of a taser, including after plaintiff was put in a restraint chair. Accordingly, the court will not reopen discovery at this late hour on this ground, except to allow both

parties to subpoena and share with opposing counsel all relevant information regarding any policies or training provided on the appropriate use of tasers by the Sauk County Sheriff's Office or other state or nationally recognized governing body.

In addition, the court will reopen discovery until motions in limine are due to allow plaintiff to request and review defendant's personnel file on an attorneys' eyes only basis. Defendant represents that there is nothing in the file necessary for adjudication of plaintiff's claim because:  there are no affirmed grievances or adjudications finding defendant's use of force unreasonable; and any evidence of other use-of-force incidents involving defendant is inappropriate to consider here.  Ultimately, a jury will reach its own conclusion as to the reasonableness of any of defendant's uses of force towards plaintiff, and "[t]he key at the discovery stage is *relevance*," rather than admissibility.  *Colborn v. Netflix Inc.*, 608 F. Supp. 3d 736, 741 (E.D. Wis. 2022) (emphasis in original); *see* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").  The contents of the file *may* include relevant information that speaks to the incident involving plaintiff, even if defendant has never been formally adjudicated to have used unreasonable force, and obviously the court cannot yet rule on the admissibility of any of the file's information.  Because the court is aware that such files may also contain sensitive, personal information, defendant may redact such information as necessary and designate the file for "attorney's eyes only" upon production.  Plaintiff may request to use specific information from the file at trial via sealed motion in limine or designated exhibit.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion to amend the scheduling order, dkt. 148, is GRANTED in part and DENIED in part as provided in this order.

2) Discovery is reopened until November 27, 2024, for the limited purposes of allowing plaintiff to obtain and review defendant's personnel file and for the parties to subpoena and share with opposing counsel all relevant information regarding any policies or training provided on the appropriate use of tasers as provided in this order.

3) Defendant shall produce his personnel file by November 14, 2024, with all necessary redactions and designed as "attorney's eyes only."

4) Any motion in limine or response filed in relation to specific information in the personnel file shall be filed under seal.

Entered this 4th day of November, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

5