IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL CODER,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                       21-cv-109-wmc

DEPUTY CHRISTOPHER GIESE,

                        Defendant.

On November 4, 2024, the court issued an order briefly reopening discovery in this matter for the limited purposes of allowing plaintiff Michael Coder to obtain and review defendant Deputy Christopher Giese's personnel file and for the parties to subpoena and share all relevant information regarding any policies or training provided on the appropriate use of tasers. (Dkt. #154.) The court denied plaintiff's request to also name an expert to rebut testimony from Sauk County deputies at retrial about the use-of-force incident in question, explaining that the court saw no need for an expert's guidance under the applicable reasonableness standard and that the use of an expert in this case would risk usurping the jury's role. (*Id.* at 3.) Over two months later, and after discovery closed, plaintiff filed a motion to reconsider his request to name an expert under Federal Rule of Civil Procedure 60(b). (Dkt. #176.) The court will deny the motion for the following reasons.

ANALYSIS

Rule 60(b) permits relief from a final judgment, order, or proceeding because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, the judgment

is void or has been satisfied, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6); *Carnes v. HMO Louisiana, Inc.*, 114 F.4th 927, 929 (7th Cir. 2024). Still, a Rule 60(b) motion is not an opportunity to rehash previously rejected arguments or "slip in arguments that should have been made earlier." *Karraker v. Rent–A–Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Rule 60(b) only allows a court to vacate an order or judgment when "special circumstances" justify that "extraordinary remedy." *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000).

While plaintiff focuses on Rule 60(b)'s "catch-all" provision allowing reconsideration for "any other reason that justifies relief," his five reasons largely rehash old arguments or make arguments that should have been made earlier. Even those that are arguably new and could not have been made initially fall well short of "special circumstances" justifying reconsideration.

*First*, plaintiff notes that the court moved the trial date to early May 2025, and argues over defendant's objection that the parties now have enough time to engage in expert discovery. Plaintiff also points to a text-only order entered in an unrelated case, *Harris v. Giese*, No. 22-cv-387-wmc (W.D. Wis.), in which Magistrate Judge Boor set expert disclosure deadlines after ordering the parties to meet and confer on the issue as part of the scheduling process and disagreement remained. (Dkt. #96 in No. 22-cv-387-wmc). *Harris* also involves the same defendant's use of a taser but, more importantly, is in a different procedural posture -- that case has yet to be tried, and this discovery deadline had not yet been set at the time the court issued its text-only order. Regardless, the case schedule in this matter was not a basis for the court's order denying plaintiff's request to

2

name an expert for retrial in the first place. As noted above, the court was unconvinced that an expert's guidance was necessary at retrial in this case, or worse, could cause jury confusion as to the ultimate factual question it would be called on to answer. The court continues to be of the same view.

*Second*, plaintiff argues that defendant offered expert testimony on taser use at the first trial, even though he had not been disclosed as an expert, so plaintiff needs an expert to ensure that he can rebut such testimony at retrial. However, plaintiff raised this issue in his original motion, arguing that the testifying deputies "provided unchallenged testimony about their own use of force in a manner akin to that of expert testimony." (Dkt. #149 at 9.) The parties continue their dispute on reconsideration about whether any prior trial testimony constituted improper expert testimony. Regardless, a Rule 60(b) motion does not afford an opportunity to rehash previously presented arguments that the court has already considered and rejected. *Karraker*, 411 F.3d at 837. Finally, plaintiff has filed a motion in limine to prohibit undisclosed opinion testimony concerning tasers at retrial. (Dkt. #170.) Thus, the court will address the scope of any deputy testimony at retrial via that motion, not by reopening discovery and allowing plaintiff to identify an expert for retrial.

*Third, fourth, and fifth,* plaintiff argues respectively that an expert's testimony would be relevant, would help the jury in determining the reasonableness of defendant's alleged conduct, and would allow for a rebuttal of defendant's anticipated testimony. (Dkt. #177 at 1-2.) As noted above, the court will address the scope of defendant's testimony via the parties' motions in limine. As for relevance, the court explained in its prior order that to

prove an excessive force claim under the Fourth Amendment, a plaintiff must demonstrate that the use of force was objectively unreasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). The court remains unconvinced that a jury's weighing of the underlying circumstances of this case would benefit from, much less necessitate, an expert's guidance under a reasonableness standard. As the court stated in its original order, plaintiff may consult an expert in preparing for cross-examination of the deputy witnesses (dkt. #154 at 3), but he has not met his high burden of establishing relief from that order under Rule 60(b), nor overcome the original reasons for the court's initial denial.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration (dkt. #176) is DENIED.

Entered this 21st day of February, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge