IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL CODER,

                             Plaintiff,                            OPINION AND ORDER

    v.

                                                         21-cv-109-wmc

CHRISTOPHER GIESE,

                           Defendant.

Plaintiff Michael Coder, a state prisoner, alleges that defendant deputy sheriff Christopher Giese used excessive force against him while he was a pretrial detainee at the Sauk County Jail. Plaintiff is proceeding on claims that defendant used excessive force by deploying knee strikes while plaintiff was on the ground and by tasing plaintiff while he was in a restraint chair. The case is scheduled for a jury trial on May 5, 2025, with a final pretrial conference ("FPTC") by video scheduled for April 16 at 2:30 p.m., and, if necessary, on April 30 at 2:30 p.m. This order addresses the parties' motions in limine. Plaintiff has filed seven motions in limine and defendant has filed twelve motions in limine in an omnibus motion.

OPINION

**A. Plaintiff's Motions in Limine**

    **1. Sequester Non-Party Witnesses**

Pursuant to Federal Rule of Evidence 615, plaintiff moves to sequester all non-party witnesses from the courtroom during witness testimony. (Dkt. #165.) This motion is GRANTED as unopposed.

### 2.  References to Plaintiff's Criminal History

Plaintiff moves to preclude all references to any of his criminal history, including past criminal charges, arrests, or convictions, pursuant to Federal Rules of Evidence 403 and 609.  (Dkt. #166.)  In particular, plaintiff argues that the prejudicial effect of admitting evidence of his past convictions would greatly outweigh the probative value of this evidence even for purposes of impeachment.  (*Id*. at 1.)

Defendant has no objection to excluding evidence of prior criminal charges and arrests that did not result in a conviction.  (Dkt. #184, at 2.)  As a result that portion of plaintiff's motion in limine will be GRANTED IN PART as unopposed.

However, defendant does object to excluding five of Coder's prior convictions and has filed a motion in limine to admit them, arguing that they are admissible for purposes of impeachment.  (Dkt. #159, at ¶ 6; Dkt. #184, at 2.)  Those convictions include:  (1) one count of manufacture/delivery of heroine (< 3g), a class F felony, in Sauk County Case No. 10-CF-195; (2) one count of substantial battery-intended bodily harm (repeater with use of a dangerous weapon, a class I felony, in Sauk County Case No. 17-CF-542; (3) one count of possession of narcotic drugs (second and subsequent offense repeater), a class I felony, in Sauk County Case No. 20-CF-255; (4) one count operating while intoxicated ("OWI") (4th offense), a class H felony, and one count possession with intent - heroin (<3- 10g), in Sauk County Case No. 20-CF-523; (5) one count of possession with intent - heroin (<3-10g), in Sauk County Case No. 21-CF-48.  (Dkt. #184, at 2-3.)  Defendant states that he does not intend to seek to introduce any evidence of plaintiff's conviction

for OWI (3rd offense), which also occurred in Sauk County Case No. 20-CF-255.  (Dkt. #184, at 3 n. 4.)

Unless unduly prejudicial, evidence of previous convictions may be admitted for the limited purpose of impeaching a witness's character for truthfulness in a civil case if:  (1) the offense was punishable by imprisonment for more than one year; and (2) more than 10 years have passed since the conviction, or the witness's release from confinement for it, whichever is older.  Fed. R. Civ. P. 609(a)(1), (b).  Thus, a prior conviction for which the witness has been released from confinement more than 10 years ago is not admissible unless:  (1) its probative value substantially outweighs its prejudicial effect; and (2) reasonable, written notice of the intent to use it has been provided to the opposing party. Fed. R. Civ. P. 609(b)(1)-(2).

Plaintiff's convictions for substantial battery, possession of narcotic drugs, 4th offense OWI, and possession with intent are admissible under Fed. R. Evid. 609, subject to Rule 403, because they are felonies punishable by imprisonment for greater than one year and occurred in the past ten years.  Plaintiff's conviction for manufacture/delivery of heroin in Sauk County Case No. 10-CF-195, which court records show resulted in a sentence of 24 months' initial confinement in 2012, is outside the 10-year time frame found in Fed. R. Civ. P. 609(b).  Although plaintiff's felony conviction for manufacture/delivery of heroin and his release from confinement are older than 10 years, the conviction is also admissible because defendant provided pretrial notice of intent to use the conviction and because plaintiff's credibility is a central issue.  As is this court's general practice, therefore, defendant may ask plaintiff whether he has been convicted of

3

5 felonies. Additional details regarding the nature of those offenses would have little probative value and likely be unfairly prejudicial. Accordingly, that information will only be allowed to impeach in the unlikely event that plaintiff were to deny the correct number of his felony convictions.

Thus, plaintiff's motion to exclude his criminal history is GRANTED IN PART and DENIED IN PART.

### 3. Street Clothes

Plaintiff requests permission to wear street clothes at trial, rather than prison garb. (Dkt. #167.) This motion is GRANTED as unopposed. However, *plaintiff* will need to arrange for clothes to be available for him by asking a family member or friend to either mail or deliver clothing to his counsel or directly to the office of the Clerk of Court, 120 N. Henry Street, Room 320, Madison WI 53703, so that the clerk's office receives the clothing no later than 4:30 p.m. the Thursday before trial.

In addition, the clerk's office has issued a writ of habeas corpus ad testificandum to secure plaintiff's presence at trial. (Dkt. #190.) However, the Wisconsin Department of Corrections' public website appears to say that plaintiff is scheduled for release on extended supervision on April 19, 2025. Counsel for plaintiff should clarify at the FPTC whether plaintiff is expected to be released from custody before the trial date or whether there are any other anticipated changes that may affect the accuracy of the writ.

### 4. Plaintiff's Incarceration Status

Plaintiff, who is currently confined in the Wisconsin Department of Corrections,

moves to exclude testimony about the details of his incarceration status. (Dkt. #168.) Plaintiff also seeks to exclude mention of the underlying conviction for which he is currently incarcerated. (*Id*. at 2.) This motion is GRANTED as unopposed.

### 5. Drug Use and Intoxication

Plaintiff seeks to exclude testimony referencing his "alleged drug use or intoxication -- other than [d]efendant's belief that [p]laintiff possessed drugs in his rectum while detained on May 23, 2020." (Dkt. #169.) Plaintiff points to the following testimony given by defendant at the previous trial in this case:

> [I]n our line of work when we deal with somebody who is under the influence of drugs, not only can they make poor decisions, but they also can almost have, like a -- depending on what drug -- like, almost a superhuman strength, if that makes sense. They can be stronger. They have a higher pain tolerance.

(Dkt. #130, at 8:15-20.) Plaintiff argues that any other testimony about plaintiff's drug use or intoxication "lacks foundation and is purely speculative," because defendant has not disclosed any witness that will opine credibly that plaintiff was under the influence at the time the use of force occurred on May 23, 2020. (Dkt. #169, at 2.) Plaintiff argues further that the substantial prejudice of such testimony outweighs any potential probative value. (*Id*. at 2-3.)

Defendant argues that any testimony he gives about plaintiff's drug use or intoxication would be based on his personal knowledge and first-hand experience in professional training and observation to recognize behavioral and physical symptoms of intoxication. (Dkt. #184, at 5.) Defendant argues further that testimony regarding plaintiff's intoxication is relevant to his behavior during the use-of-force incident. (*Id*. at

6.)

Evidence of a plaintiff's impairment from drugs or alcohol is relevant to an excessive-force claim because it "goes to how the plaintiff interacted with the defendant police officers and whether the officers' use of force was reasonable." *Jordan v. City of Chicago*, 08 C 6902, 2011 WL 6119147, at *2 (N.D. Ill. Dec. 8, 2011) (citation omitted); *see also Smith v. Hunt*, No. 08 C 6982, 2011 WL 9737, at *2 (N.D. Ill. Jan. 3, 2011) (citing *Saladino v. Winkler*, 609 F.2d 1211, 1214 (7th Cir. 1979) (in a 42 U.S.C. § 1983 excessive force case, evidence that the plaintiff was legally intoxicated at the time of the incident "was relevant to the issue of the reasonableness of the plaintiff's conduct at that time," and "tend[ed] to make more probable that the plaintiff acted as the defendant contended he did or that plaintiff otherwise conducted himself in such a manner as to place the defendant reasonably in fear of his life"). Therefore, defendant and other lay witnesses may testify about their own perception of plaintiff's behavior before the use of force occurred, provided that this testimony does not exceed lay opinion under Federal Rule of Evidence 701. Accordingly, plaintiff's motion in limine is GRANTED IN PART and DENIED IN PART.

### 6. Undisclosed Expert Opinion Testimony

Plaintiff seeks to exclude testimony from the defendant, or any other witness, from offering testimony that defendant's use of force on plaintiff was reasonable and not excessive because such "opinion testimony" improperly states a legal conclusion on an element of plaintiff's claim under 42 U.S.C. § 1983. (Dkt. #170, at 1.) Defendant does not oppose the motion to exclude opinion testimony regarding the reasonableness of the force used. (Dkt. #184, at 13.) Thus, that portion of the motion in limine is GRANTED

6

AS UNOPPOSED.

Noting that defendant did not disclose any expert testimony about effective taser deployments or neuromuscular incapacitation, plaintiff also seeks to exclude opinion testimony by the defendant.  (Dkt. #170, at 1.)  Plaintiff points in particular to two opinions offered by defendant at the previous trial.  (*Id*. at 3-4) (referencing Dkt. #130, at 12:11-24, and 15:7-15.)  The first instance of what plaintiff characterizes as "an unqualified and/or undisclosed" expert opinion regarding effective taser deployment:

> And for an effective taser deployment -- in an ideal world, you want to be seven feet away because then your probes are 12 inches away.  And if your probes are 12 inches apart, what happens is the bottom probe comes out -- I believe it's an eight-degree angle downward from the top probe.  So one goes straight.  One starts to slowly go down.  So the more distance you create, the wider the probes are when they enter somebody.  And -- and in an ideal world, if you're at that foot, what you have is called 'neuromuscular incapacitation," or referred to as "NMI."  And what that does is it takes that muscle group between those two probes -- wherever they would be -- and essentially, you have no function in that muscle.  It almost, like, locks up.  So the defendant wouldn't have been able to move those muscles.

(Dkt. #130, at 12:11-24.)

The second unqualified, undisclosed expert opinion identified by plaintiff concerns taser circuits and achieving neuromuscular incapacitation:

> So essentially he had two probes very close in his stomach plus the electrodes, or little metal things on the end of the cartridge in his back.  So it completed -- it completed an entire circuit from his chest around to his backside, which we were able to get that NMI, that neuromuscular incapacitation, and then I think essentially what it did was almost -- I don't want to say it took his breath away, but it, like, took the wind out of him.  So he stopped fighting very briefly, stopped resisting us.

(Dkt. #130, at 15:7-15.)  Arguing that this testimony falls within Federal Rule of Evidence 701, plaintiff contends that defendant should be precluded from testifying that his use of

force was reasonable and not excessive. (*Id*. at 4-5.)

Under Rule 701, lay witnesses may not offer opinion testimony if it is based on scientific, technical, or other specialized knowledge[.]" Fed. R. Evid. 701; *Ellis v. Country Club Hills*, No. 06 C 1895, 2011 WL 6001148, at *6 (N.D. Ill. Dec. 1, 2011) (absent expert testimony, limiting defendants from testifying to their personal experience operating a taser and plaintiff to his experience being targeted with a taser). Defendant disputes that the testimony highlighted by plaintiff constituted expert testimony. (Dkt. #184, at 9.) Defendant contends further that he only expects to testify regarding matters confined to his own knowledge based on training, his own actions, his own observations, and whether his actions comported with his training as a jail officer. (*Id*. at 10.) Defendant expects to offer similar testimony from his lay defense witnesses who, like defendant, are trained in the use of tasers and were personally involved in the underlying incident. (*Id*.)

Defendant and other lay witnesses may testify about these subjects but only based on their own training related to the use of tasers and personal perceptions, and this testimony may not exceed lay opinion under Federal Rule of Evidence 701. In particular, lay witnesses may testify to their perceptions.

Thus, plaintiff's motion in limine is GRANTED IN PART and DENIED IN PART. If necessary, the parties may seek further clarification about the scope of permissible testimony at the FPTC.

### 7.  Testimony about Defendant's Involvement in a Similar Lawsuit

Plaintiff moves to admit evidence about defendant's pattern of using unreasonable force in a similar lawsuit, referring to *Harris v. Giese*, No. 22-cv-387-wmc (W.D. Wis.).

(Dkt. #171.)  Defendant contends that the *Harris* case is irrelevant and inadmissible as improper propensity evidence under Federal Rule of Evidence 404(b).  (Dkt. #184, at 13-15.)  Thus, defendant has filed his own motion in limine to exclude reference to the *Harris* case.  (Dkt. #159, at ¶ 11.)  The court agrees with defendant.

Accordingly, plaintiff's motion in limine is DENIED and defendant's motion in limine is GRANTED.  Neither party should discuss or reference the *Harris* case or any other cases of excessive force. Although *some* of defendant's sworn testimony in that case may be relevant to impeach *if* introduced simply as sworn testimony in another case *and* not related to his or other officers' specific conduct in that case.

## B.  Defendant's Omnibus Motion in Limine (dkt. #189)

### 1.  Preclude any argument based upon the Golden Rule or other improper appeal to personal passions and sympathies

This motion is GRANTED as unopposed.

### 2.  Preclude plaintiff from providing lay opinions about the law

Defendant seeks to prohibit plaintiff from testifying about his understanding of the law or his specific beliefs about his rights.  This court's responsibility is to explain the law to the jurors, so *no* witness will be allowed to testify on this subject.  Thus, the motion is both unnecessary and moot.  Of course, plaintiff and defense counsel will be permitted to argue in their closing as to how the jury should apply the applicable legal standards to the facts.

### 3. Sequester non-party witnesses

This motion, which is duplicative of plaintiff's motion in limine, is GRANTED as unopposed.

### 4. Precluding any evidence or argument regarding claims that were dismissed on summary judgment or by the first jury

Defendant seeks to preclude evidence or argument regarding claims against Deputy Papara at summary judgment and claims that were rejected at the first trial.  This motion is GRANTED with some clarification. Neither party may discuss *claims* that were dismissed earlier in this case or make arguments inconsistent with those rulings. However, both parties may elicit testimony regarding *relevant* facts surrounding the circumstances of the defendant's use of force, whether or not also related to claims previously dismissed.

### 5. Precluding any testimony from any witness regarding what they would or would not have done if confronted with the same circumstances confronting defendant

Defendant believes that plaintiff may attempt to introduce evidence at trial of what a particular witness would or would not have done if confronted with the same circumstances confronted by defendant.  (Dkt. #159, at 2.)  Plaintiff indicates that he may seek to elicit testimony from Sergeant Hamer about what she would have done if confronted with the same circumstances.  (Dkt. #189, at 4.)  Plaintiff argues that this testimony is relevant to the question of whether defendant's actions were those of a reasonable officer.  (*Id.*)

What a reasonable officer would or should have done under similar circumstances may be relevant to the reasonableness of defendant's actions.  Therefore, defendant's

motion is DENIED IN PART to the extent Sergeant Hamer is asked about her training or understanding of police policy and procedures, including what an officer *could* or should have done consistent ___, but the court will GRANT IN PART to the extent specifically asking a witness "what they would have done" calls for inadmissible speculation.

**6. Admitting evidence of the judgment of conviction against plaintiff showing he has five felony convictions**

For reasons discussed previously in connection with plaintiff's motion in limine to exclude this evidence, the motion is DENIED under Fed. R. Evid. 403, *unless* plaintiff "opens the door" by denying any of those five convictions.

**7. Precluding plaintiff from presenting any evidence relating to the fact that defendant may be covered by insurance in this case**

This motion is GRANTED as unopposed.

**8. Barring a party from calling any witness not previously disclosed, including expert witnesses**

This motion is GRANTED as unopposed.

**9. Precluding the use of or reference to any exhibit not filed or disclosed pursuant to the court's amended scheduling order, except for exhibits that may be used for impeachment purposes**

This motion is GRANTED as unopposed, except undisclosed inadmissible exhibits may also be used to refresh recollection.

**10. Precluding plaintiff from seeking to recover damages from any injury not disclosed in response to discovery requests and to preclude use of or reference to any document or exhibit requested in discovery and not disclosed pursuant to the scheduling order**

This motion is GRANTED as unopposed subject to review at the FPTC.

**11. Precluding plaintiff from introducing evidence of any other alleged uses of force by defendant, apart from those at issue in this case, including his actions in Harris v. Giese, 22-cv-387-wmc (W.D. Wis.)**

For reasons discussed previously in connection with plaintiff's motion in limine to introduce this evidence, the motion is GRANTED except as to *relevant* sworn testimony *unrelated* to the specific circumstances in *Harris* or any other case.

**12. Precluding evidence, testimony, or argument referencing Sauk County standards, policies, and procedures, or the "2011 Electronic Weapon Control Guideline"**

This motion will be DENIED. *See United States v. Brown*, 871 F.3d 532, 537 (7th Cir. 2017) (explaining that the Seventh Circuit has no rule that "evidence of police policy or procedure will never be relevant to the objective-reasonableness inquiry"). At bottom, plaintiff's claim does not turn on whether defendant followed specific standards. However, the court will not preclude either party from introducing evidence about training or policies that may be relevant in considering the reasonableness of defendant's use of force. The court will issue a limiting instruction to the jury regarding its proper consideration of Sauk County or other standards, policies, and procedures for use of force in a Fourteenth Amendment case. If the parties need further guidance as to the possible relevance of that evidence, they may make a proffer and seek clarification at the FPTC.

ORDER

IT IS ORDERED that:

1.  Plaintiff Michael Coder's motions in limine are (dkt. ##165-171) are GRANTED IN PART and DENIED IN PART as set forth above.

2.  Defendant Christopher Giese's motions in limine (dkt. #159) are GRANTED IN PART and DENIED IN PART as set forth above.

Entered this 7th day of April, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

13